```
___ FILED       ___ ENTERED
___ LODGED      ___ RECEIVED

NOV  5 2024    AC

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY___ DEPUTY
```

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHIBIKE NWABUDE<br><br>Plaintiff<br><br>VS.<br><br>SYNCHRONY BANK/AMAZON<br><br>Defendant | Case No.: 2:24-cv-01574<br><br>**NEW AMENDED COMPLAINT** |

After the Court issued an ORDER to Deny the Defendant Motion to Dismiss Plaintiff case, Plaintiff is now filing a **New Amended Complaint** with all the Guidelines stated in the ORDER.

## STATEMENTS OF FACTS

1. On April 20, 2024, Plaintiff ordered three merchandise with order number **112-7531280- 6293842** with his Amazon Store Card managed by the Defendant Synchrony Bank for a total of $47.15. After Plaintiff received those merchandise, he noticed that they were the wrong sizes. So he returned them on April 26, 2024 at UPS drop off location in Lake Stevens. Plaintiff was sent the email confirmation return receipts marked as **Exhibit A**. On April 26, 2024, Plaintiff received three emails marked as **Exhibits B1, B2 and B3** from Amazon which stated that they have issued Plaintiff a refund for the three merchandise. **Exhibit B4** is Plaintiff order details.

NEW AMENDED COMPLAINT - 1

CHIBIKE NWABUDE
1108 85TH DRIVE NE
LAKE STEVENS, WA 98258
(206) 372-2912

2. Again on April 26, 2024, Plaintiff received the email notification marked as **Exhibit C** from the Defendant Synchrony Bank that his Amazon Store Card statement marked as **Exhibit C1** for a total of $47.15 with the payment due date of May 18, 2024.was ready.

3. Just before the due date of May 18, 2024, Plaintiff called the Defendant Synchrony Bank on May 16, 2024 and talked to Marvin in their Customer Service. Plaintiff told him that the merchandise on that statement had been returned and the amounts refunded by Amazon on his account. Plaintiff told him that he wanted to talk to a supervisor or Manager about his problems. He connected Plaintiff to Manager Aly. Plaintiff told her that he do not owe the amounts on that statement because the merchandise have been returned and the amounts refunded by Amazon.

4. Plaintiff also told the Manager that since their bank is handling Amazon customers credit card accounts, that their bank had the obligation to reconcile his Amazon accounts with their statements and resolve the discrepancies with Amazon before they sent out the false Statements from their Bank. Plaintiff told her that **they are messing up his credit records.** She promised to look into Plaintiff complaint. When Plaintiff received the email notification dated **5/13/24**, marked as **Exhibit D** that his payment was due, Plaintiff responded to that email on 6/2/24. Read Plaintiff comments on that **Exhibit D**.

5. On May 27, 2024, Plaintiff received the email notification marked as **Exhibit E** from the Defendant Synchrony Bank that his Amazon Store card statement marked as **Exhibit E1** with a due date of 6/18/2024 was ready. Plaintiff replied to that email on 6/2/24. Read Plaintiff comments on that **Exhibit E**.

NEW AMENDED COMPLAINT - 2

CHIBIKE NWABUDE
1108 85TH DRIVE NE
LAKE STEVENS, WA 98258
(206) 372-2912

6. On June 5, 2024, Plaintiff talked to the Defendant Synchrony Bank Customer service Kevie about the discrepancies in his account for order number **112-7531280-6293842,** and requested to talk to a supervisor. She connected Plaintiff to Collection supervisor Leslie. Plaintiff told her about his problems. How their bank was **messing up his credit records,** because those merchandise that they are charging the Plaintiff for late fees, have already been refunded by Amazon. She told Plaintiff that Amazon was notorious about not informing them that a refund had been issued to a customer.

7. Plaintiff was frustrated on how Leslie the supervisor handled his complaint, and was baffled that she had a nonchalant attitude about his problems. Because she hang up the phone on Plaintiff without resolving his problems. Plaintiff note showed that she was also involved in Plaintiff past experience in 2022 with one of his returned and refunded order number **113-5072930-9609825,** in which his account and **credit records was messed up**.

8. Also on June 5, 2024, Plaintiff talked to Amazon Customer Service Representative Irfan about his order number **112-7531280-6293842** which had been returned. After some research, he sent to the Plaintiff an email marked as **Exhibit F** dated 6/5/24 to confirm that the money had been refunded to Plaintiff account on April 26, 2024.

9. These are the emails the Defendant Synchrony Bank sent to the Plaintiff regarding the amount they stated that Plaintiff owed, and Plaintiff replied to those emails marked as **Exhibits G1, G2, G3, G4, G5, G6, G7** and (**G8 with his Account statement G8).** However, when Plaintiff replied to **Exhibits G6** and **G7,** Plaintiff

NEW AMENDED COMPLAINT - 3

CHIBIKE NWABUDE
1108 85TH DRIVE NE
LAKE STEVENS, WA 98258
(206) 372-2912

attached **Exhibits A, B1, B2, B3, B4 and F** to let them know that he do not owe those amounts on his account statements. Read Plaintiff comments on those emails. **NOTE:** The quote **"Your bank is messing up my credit records"** was mentioned on the email **Exhibits G1, G2, G3, G4, G5, G6, G7 and G8.** Plaintiff told the Defendant that whatever they are doing on his account was **messing up his credit records**. When Plaintiff made those statements quote **"Your bank is messing up my credit records"**, those statements meant that Plaintiff monitored his **credit records** and saw the adverse effect the wrong amounts owed and the late fees was having on his **credit records**.

10. This was not the only time the Defendant Synchrony Bank has mess up Plaintiff account and **credit records**. Infect, this was the third time. When Plaintiff order number **113-997624-6369054** for $16.25 in 2022 was returned and refunded by Amazon, Defendant Synchrony Bank messed up Plaintiff account and **credit records**. Plaintiff talked to supervisor Brandi about it.

11. When Plaintiff order number **113-5072930-9609825** for $37.07 in 2022 was returned and refunded by Amazon, the Defendant Synchrony Bank again messed up his account and **credit records.** Plaintiff talked to Supervisor Leslie about it. Plaintiff told her that if their Bank keep messing up his **credit records**, that he would take their Bank to court.

12. Now the Defendant Synchrony Bank have done it again. Look at the document marked as **Exhibit H** that showed how they fabricated the amount of $119.91, that they wanted Plaintiff to pay, which he do not owe. If the amount was a legitimate amount, Plaintiff would have paid for it but because it was a fabricated amount with late fees,

NEW AMENDED COMPLAINT - 4

CHIBIKE NWABUDE
1108 85TH DRIVE NE
LAKE STEVENS, WA 98258
(206) 372-2912

Plaintiff would never pay it.

13. **Question:** Why is it that when Plaintiff replied to Defendant Synchrony Bank emails, and told them that the merchandise that he ordered has been returned and refunded by Amazon with **Exhibits G1 to G8**, they do not care to read the emails and communicate with Amazon to resolve the discrepancies, before sending out false account statements to the Plaintiff?

14. Because of $100.00 credit limit, the Defendant Synchrony Bank have ruined Plaintiff **credit records** repeatedly with fabricated amounts and late payments on his account statements which Plaintiff do not owe. **Exhibit X** is a copy one of the late payments, the Defendant Synchrony Bank have in one of his credit records. For the record: The Defendant Synchrony Bank credit card with a credit limit of $100.00 is the only account in Plaintiff credit records with a fabricated amount and late fee payments.

15. **Exhibits Y** showed some of the affects the actions of the Defendant Synchrony Bank fabricated amounts and late fees are having on Plaintiff **credits records**. Part of the statements stated quote "There was a recent review of your account and credit information. As a result, we have revised the credit limit to $4000.00. Your current balance is $3,673.92. Our decision was based, in whole or in part, on information obtained from the following consumer reporting agency: Equifax." Note, I will submit my credit records when requested.

16. When Plaintiff filed the lawsuit in **Small Claims Court** on July 19, 2024 and stated that the Defendant ruined his **credit records**, only the company named on **Exhibit Y** revised their credit limits due to the information obtained from Equifax Credit

NEW AMENDED COMPLAINT - 5

CHIBIKE NWABUDE
1108 85TH DRIVE NE
LAKE STEVENS, WA 98258
(206) 372-2912

Record Company. Now that other Credit Card Companies have revised their credit limits because of the information they have on Plaintiff **credit records**, the damages Plaintiff incurred have increased with other damages claimed in the relief. See **Exhibits Y1, Y2**, and **Y3** (**Y3** denied Plaintiff credit).

17. When Plaintiff found out that the amount which he did not owe and the late Fees in his **Amazon Store Card Account Statement** was on his **credits records**, Plaintiff filed a dispute with the three Credit Record Companies, **Equifax, Experian** and **TransUnion**. Plaintiff informed the Credit Record Companies quote **"The Merchandize have been returned and the money refunded by Amazon. The amount $119.00 is fabricated. I do not owe the bank any money."** Exhibits **K1, K2** and **K3** from the Credit Record Companies, **Equifax, Experian** and **TransUnion**, showed that the Plaintiff disputed the amounts and the late fees that the Defendant reported on his credits records. The credit companies contacted the Defendant for their responses to the dispute.

18. The Defendant Synchrony Bank received notice of the disputed credit report inaccuracies from the three Credit Record Companies, **Equifax, Experian** and **TransUnion,** which is the sole basis for a claim under the **FCRA** (Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA")), against a furnisher like the Defendant Synchrony Bank. The Defendant which is the Furnisher of information to the Credit Reporting Companies is required to conduct an investigation, review all relevant information provided by the Credit Reporting Companies and report the result to the companies. The Defendant violated that **FCRA** law. See 15 U.S.C. § 1681s 2(b).

NEW AMENDED COMPLAINT - 6

CHIBIKE NWABUDE
1108 85TH DRIVE NE
LAKE STEVENS, WA 98258
(206) 372-2912

19. **FCRA** laws prohibits furnishers like the Defendant Synchrony Bank from reporting information with actual knowledge of the errors and from reporting information after notice and confirmation of errors under section 15 U.S.C. § 1681s-2. The Defendant did not follow the obligations of furnishers under 15 U.S.C.§ 1681s-2(b). The Defendant violated the section regarding the completeness or accuracy of any information provided by a person to the Consumer Reporting Agencies like **Equifax, Experian** and **TransUnion.**

20. The Defendant Synchrony Bank violated **FCRA** law. 15 U.S.C. § 1681s-2(b). Duties imposed upon a furnisher of information which should have been triggered upon notice of a dispute from a consumer reporting agencies like (**Equifax, Experian and TransUnion** ) after the Plaintiff filed the dispute.

21. Plaintiff communicated with the Defendant Synchrony Bank through the emails that they sent to the Plaintiff regarding the dispute as shown in the email **Exhibits G1 to G8.** The Defendant ignored the responses Plaintiff wrote on those emails. Look at the **Exhibits K, K1** and **K2** from the Credit Record Companies, **Equifax, Experian** and **TransUnion,** to see the **Before** the dispute reports on Plaintiff **credit records** and **After** the dispute reports, when the Defendant insisted that the amounts with late fees should remain on Plaintiff credit records. **NOTE: Exhibit K** have 46 pages, but only the 9 relevant pages to this case was printed. **Exhibit K1** have 16 pages, but only the 2 relevant pages to this case was printed. All the other pages will be provided to the court if requested.

22. The Defendant insisted that Plaintiff owed the money and late fees and intentional reported false information to the Credit Record Companies and insisted that

NEW AMENDED COMPLAINT - 7

CHIBIKE NWABUDE
1108 85TH DRIVE NE
LAKE STEVENS, WA 98258
(206) 372-2912

the amount and late fees should remain on Plaintiff credit records. The Defendant violated all sections of the **FCRA** laws 15 U.S.C. § 1681s-2.

23. The Defendant Synchrony did not investigate the complaint the Plaintiff filed with the three Credit Record Companies, because if they read the replies of all the emails they sent to the Plaintiff, in all those **Exhibits** listed in **Number 9** above, they would have resolved the complaint. That is a violation of **FCRA** 15 U.S.C. § 1681s-2(b).

24. Now look at the dates and read the comments the Defendant wrote in all the emails **Exhibits** that they sent to the Plaintiff. Email **Exhibits G9, G10, G11, G12, G13, G14, G15, G16, G17, G18, G19, G20, G21, G22, G23 and G24**. The Plaintiff stopped replying to Defendant emails because when the Plaintiff replied to their emails from **Exhibits G1 to G8**, they did not do anything with the information the Plaintiff gave them.

25. **Exhibit G9** dated July 15, 2024, had $119.91 as the current balance when Plaintiff filed the dispute with the three Credit Record Companies on these dates. (With **Equifax on August 12, 2024**), (With **Experian on August 7, 2024**), and (With **TransUnion on August 16, 2024**). In **Exhibit G13** the current balance was $159.91 and **Exhibit G14** had the current balance of $163.30, which showed that no investigation was done after the Defendant received all the **Exhibits** listed on **Number 9** above. Also the dates on **Exhibits G17 to G24** confirmed that facts.

26. In **Exhibit G10** which had a current balance of $119.91, the Defendant Synchrony Bank stated quote "Your Amazon Store Card account is past due.

NEW AMENDED COMPLAINT - 8

CHIBIKE NWABUDE
1108 85TH DRIVE NE
LAKE STEVENS, WA 98258
(206) 372-2912

Reminder, Synchrony reports your account status to **Equifax, Experian and TransUnion** credit bureaus monthly." This $119.91, was the amount on Plaintiff **credit records** when he filed the dispute with the three Credit Reporting Companies **(Equifax, Experian and TransUnion).** Now look at **Exhibit G14** with balance of $163.30 and minimum payment of $130.00. Also **Exhibit G19A** stated quote "Your total minimum payment of $139.00 is due on 08/18/2024". These showed that false information was still been reported by the Defendant to the three Credit Reporting Companies after Plaintiff filed his dispute.

27. Then in **Exhibits G25 and G26**, the Defendant resolved the dispute and the **Plaintiff did not owe them any money**. However the damages have been done to Plaintiff **credit records**, because what **Exhibits Y, Y1, Y2, and Y3** did to Plaintiff **credit records** was not reversed.

28. Plaintiff have shown and proved with **Exhibits K1, K2,** and **K3** that the Defendant Synchrony Bank received notice of the inaccuracies of the reports from the Credit Reporting Companies **(Equifax, Experian and TransUnion)** after Plaintiff filed the dispute. The Defendant insisted that those information been disputed should remain on Plaintiff credit records without proper investigation. Though Plaintiff gave them **Exhibits A, B1, B2, B3, B4** and **F** from Amazon, which stated that they have issued a refund for those three merchandise to the Plaintiff. The Defendant Synchrony furnished inaccurate data to the CRAs (Consumer Reporting Agency), that resulted in the damages to Plaintiff **credit records**.

NEW AMENDED COMPLAINT - 9

CHIBIKE NWABUDE
1108 85TH DRIVE NE
LAKE STEVENS, WA 98258
(206) 372-2912

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

1. That the court order Defendant to pay to Plaintiff compensatory damages in an amount to be proven at trial.
2. That the court order the Defendant to pay Punitive damages to Plaintiff for being deceptive, when Defendant Synchrony Bank intentionally furnished inaccurate data to the CRAs (Consumer reporting agency) like **Equifax, Experian and TransUnion**, resulting in damages to Plaintiff Credit Reports and Records.
3. That the Defendant pay for the mental anguish and emotional distress to the Plaintiff for all the time wasted, that he tried to prove that he did not owe the money and late fees that was reported on his Amazon Store Card Account Statement and credit records.
4. Plaintiff prays for Judgment against the Defendant in the amount of $60,000.00 (Sixty thousand dollars) plus interest, costs, and such other relief as the court deems just, equitable and proper.
5. Plaintiff request for a trial by Jury.

Dated this ____4____ day of November, 2024

_____
Chibike Nwabude

NEW AMENDED COMPLAINT - 10

CHIBIKE NWABUDE
1108 85TH DRIVE NE
LAKE STEVENS, WA 98258
(206) 372-2912