1
2
3
4
5
6

7
8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 10    CHIBIKE NWABUDE, | CASE NO. C24-1574JLR |
| 11            Plaintiff, | ORDER |
| 12      v. | |
| 13    SYNCHRONY BANK / AMAZON, | |
| 14            Defendant. | |

15    Before the court is Defendant Synchrony Bank/Amazon's ("Synchrony")

16 unopposed motion for a 60-day extension of the trial date and case deadlines. (Mot. (Dkt.

17 # 24).) The deadline for dispositive motions in this matter is January 20, 2026. (*See*

18 Sched. Order (Dkt. # 20).) Synchrony argues that there is good cause to grant its motion

19 because it is changing its national counsel as of January 1, 2026. (Mot. at 1.) As a result,

20 its new counsel will need additional time to review the case file and discovery before

21 preparing Synchrony's planned motion for summary judgment. (*Id.*)

22 //

ORDER - 1

1  The current scheduling order sets the deadline for all dispositive motions on January 20, 2026; the motions in limine deadline on March 23, 2026; the pretrial conference on April 20, 2026; and the jury trial on May 4, 2026. (*See* Sched. Order.) The scheduling order also provides that the case schedule may be modified "only upon good cause shown[.]" (*Id.* at 2); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "Good cause" focuses on the diligence of the party seeking to modify the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Therefore, the party must demonstrate that it could not meet the deadline imposed by the scheduling order despite its diligence. *Id.*

The court finds Synchrony's appointment of new national counsel constitutes good cause. Unfortunately, the court's trial calendar cannot accommodate a 60-day extension in the second half of 2026. Therefore, the court DENIES Synchrony's unopposed motion for a 60-day extension of the trial date and related deadlines (Dkt. # 24).

The court is willing, however, to consider moving the trial date to the end of its trial calendar. The parties should be aware that the court is currently scheduling trials in summer 2027. If the court moves this matter to the end of its trial calendar, it will issue a new scheduling order that resets all unexpired pretrial deadlines. If the parties wish to seek this relief, they should file a stipulated motion to that effect.

Dated this 31st day of December, 2025.

JAMES L. ROBART
United States District Judge

ORDER - 2